```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      FORT SMITH DIVISION
```

UNITED STATES OF AMERICA,                              PLAINTIFF

v.                           CASE No. 04-2267

CONTENTS OF FIRST COMMUNITY
BANK OF CRAWFORD COUNTY, ARKANSAS
ACCOUNT #-3060; CONTENTS OF FIRST
COMMUNITY BANK OF CRAWFORD COUNTY,
ARKANSAS, ACCOUNT #-3159; CONTENTS OF
BANK OF THE OZARKS, VAN BUREN, ARKANSAS,
ACCOUNT #-0460;                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court are the Motion for Summary Judgment on Behalf of the United States of America (Doc. 18), the Memorandum of Law in Support (Doc. 19), as well as the Claimant Jose Mancilla's Response in Opposition to Plaintiff's Motion for Summary Judgment (Doc. 23), and the Government's Reply (Doc. 24). For the reasons stated herein, Plaintiff's Motion for Summary Judgment is DENIED.

## I. Introduction

In this civil forfeiture proceeding, federal seizure warrants were executed on June 9, 2004 for two checking accounts at First Community Bank of Crawford County and one account at Bank of the Ozarks. The total amounts within the served accounts was $63,107.05. An administrative forfeiture proceeding was initiated against the contents of the three accounts. Jose P. Mancilla, Hortencia Mancilla, and Jose H. Mancilla are all account holders of one or more of the three subject bank accounts and Jose P. Mancilla filed a claim in this matter. The verified complaint of forfeiture

was filed against the contents on December 6, 2004. Plaintiff alleges the $63,107.05 found in the three accounts was involved in or traceable to the structuring of transactions with one or more financial institutions for the purpose of evading reporting requirements. Four separate deposits were made for $9,900.00 each within seven days. Deposits totaling $10,000.00 or more are required by federal law to be reported.

## II. Background

During the Drug Enforcement Administration's investigation of the Mancilla family, agents allegedly found that large sums of money had been deposited into various checking accounts at different banks and money subsequently transferred from account to account. Jose P. Mancilla ("Mancilla") testified in depositions that he deposited money into the accounts from the sale of real estate in Mexico. Mancilla testified that he sold the property for $130,000.00. Mancilla also testified that part of the money depositied into the accounts came from loans he obtained at other banks. He testified he would put this money into the bank and transfer it from account to account to get the best interest rate. Mancilla testified he did not know of the reporting requirement for currency deposits of $10,000.00 or more, that he did not know he should report the money from the sale of his house on his tax return, and that he deposited the money the way he saw fit.

### III. Summary Judgment Standard

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 (c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250,(1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005).  The Eighth Circuit has set out the burdens of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, i.e., '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.

*Counts v. M.K. Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Corp.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted) (brackets in original)).  "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of

material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.*

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the nonmoving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise provided in Federal Rule of Civil Procedure 56, must set forth specific facts showing that there is a genuine issue of for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1985). A genuine issue for trial exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249. The plain language of Federal Rule of Civil Procedure 56 (c) mandates the entry of summary judgment against a nonmoving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. A court is required to view the facts in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *United States v. Friedrich*, 402 F.3d 842, 845 (8th Cir. 2005).

## IV. Discussion

Plaintiff seeks summary judgment in this case contending the only logical explanation for the four deposits of $9,900.00 each is that Mancilla structured the transactions in order to avoid federal reporting requirements. (Doc. 19, pg. 11) However, Mancilla testified that he deposited the money in such a manner because he "decided it like that" and that he moved it from account to account because he "ha[s] the right to move it as [he] wish[es]."

The variance of Mancilla's testimony of why he deposited money in the manner he did and the Government's assertions is an issue of fact. The Government contends Mancilla's knowledge that structuring itself is illegal is not a required element. However, the reporting law does require that the structuring is done *for the purpose* of evading the reporting requirement. *See* 31 U.S.C. § 5324

The Government cites two cases in support of its contention that the evidence presented on summary judgment is "sufficient to prove structuring violations." (Doc. 19, pg. 11). *United States v. Nall*, 949 F.2d 301 (10th cir. 1991) is a Tenth Circuit case where the issue was the sufficiency of the evidence to sustain a conviction at trial. This is also true of *United States v. Gomez-Osorio*, 957 F.2d 636 (9th Cir. 1992). While these cases stand for the proposition that the evidence the Government presented in its summary judgment motion and brief may be sufficient to prove the forfeiture, they do not override the issue of fact which remains in

this case.  For the Court to determine the veracity of Mancilla's statements that he did not deposit his money in an attempt to avoid reporting requirements would require the Court to judge the evidence and its weight, which is an impermissible step at summary judgment.  While a finder of fact may well determine the Government's explanation is the "only logical explanation," any such determination by the Court is not permissable at this point in the proceedings.

## V. Conclusion

For the reasons stated above, Plaintiff's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

Dated:   March 6, 2007

*/s/ Robert T. Dawson*
Robert T. Dawson
United States District Judge